# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., Plaintiff, v. GARMIN INTERNATIONAL and GARMIN USA, Defendants. | **MEMORANDUM DECISION AND ORDER** Case No. 1:11-cv-166-RJS Judge Robert J. Shelby |

Icon Health & Fitness, Inc. alleges that Garmin International and Garmin USA infringed U.S. Patent No. 6,921,351 entitled "Method and Apparatus for Remote Interactive Exercise and Health Equipment" (the '351 Patent) and U.S. Patent No. 6,626,799 entitled "Systems and Methods for Providing an Improved Exercise Device with Motivational Programming" (the '799 Patent). There are a number of motions and issues before the court. The court analyzes each in turn and concludes that Garmin is entitled to judgment on the pleadings on Icon's causes of action for infringement of the '351 Patent and the '799 Patent.

DISCUSSION

I. THE '351 PATENT

A. Background

Icon alleges that Garmin infringed the '351 patent. The '351 Patent covers an exercise system comprised of a local system (an exercise apparatus and a local computer) and a remote system (a remote computer and a transmission medium, such as the Internet) that exchange data related to the use of the exercise apparatus.

In a separate pending lawsuit in this district, Icon sued Polar Electro Oy and Polar Electro Inc. for infringement of the '351 patent.[1] On May 18, 2015, the *Polar* court issued a Memorandum Decision and Order in which it found the '351 patent invalid for indefiniteness and dismissed Icon's related infringement cause of action.[2] On July 8, 2015, the *Polar* court certified its May 18 Order pursuant to Federal Rule of Civil Procedure 54(b) and entered final judgment on Icon's cause of action for infringement of the '351 patent.

Garmin now moves for judgment on the pleadings, arguing that the *Polar* court's judgment precludes Icon's infringement cause of action in this case. For the reasons stated below, the court agrees and concludes that issue preclusion applies.

B. Rule 12(c)

A Rule 12(c) motion for judgment on the pleadings is evaluated in the same manner as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[3] A motion for judgment on the pleadings should be granted when, accepting the well-pleaded allegations of the complaint as

---

[1] *Icon Health & Fitness, Inc. v. Polar Electro Oy*, Case No. 1:11-CV-00167-BSJ.
[2] 2015 WL 2376056, at *12 (D. Utah May 18, 2015).
[3] *See Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000).

true, "it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."[4]

### C. Issue Preclusion

Issue preclusion prevents a party from "relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."[5] Garmin points to the issue-preclusion elements under Utah law, but issue preclusion is a procedural concept governed by federal law.[6] The Federal Circuit applies the issue-preclusion elements from the regional circuit.[7] In the Tenth Circuit, issue preclusion applies when

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[8]

It is undisputed that Icon was a party in *Polar*, meaning the third element is not at issue. The court examines the other three elements in turn.

---

[4] *Id.*; *see also* Fed. R. Civ. P. 12(b)(6).

[5] *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004).

[6] *See, e.g.*, *Abbott Labs. v. Andrx Pharm., Inc.*, 473 F.3d 1196, 1202 (Fed. Cir. 2007); *In re Klippel*, 183 B.R. 252, 258 (Bankr. D. Kan. 1995) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979)).

[7] *See, e.g.*, *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013); *Abbott Labs.*, 473 F.3d at 1202; *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999); *CardSoft, LLC v. First Data Corp.*, No. 2:13-CV-290-JRG-RSP, 2014 WL 2879695, at *3 (E.D. Tex. June 24, 2014); *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:09-CV-176, 2013 WL 4757948, at *2 (E.D. Tex. Sept. 4, 2013).

[8] *Park Lake Res.*, 378 F.3d at 1136 (quoting *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000)); *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992); *see also Martinez v. Hooker*, 601 F. App'x 644, 647 (10th Cir. 2015) (unpublished). The court notes that the Utah elements for issue preclusion are similar to the Tenth Circuit elements:

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.

*Oman v. Davis Sch. Dist.*, 194 P.3d 956, 965 (Utah 2008).

### 1. Identical Issue

The validity of the '351 Patent was at issue in both *Polar* and this lawsuit. In particular, both Polar and Garmin contended during claim construction in their respective cases that the terms "in-band communication" and "out-of-band communication" were indefinite under 35 U.S.C. §112. Icon maintains that the issue of indefiniteness is not before the court. However, Garmin raised the indefiniteness defense in its Answer and during the hearing on claim construction, and the court expressed concern that Icon's proposed constructions would render the claims indefinite. Although Polar and Garmin did not present identical arguments and theories regarding invalidity, both courts heard and addressed the argument that the '351 Patent is invalid. Further, the *Polar* court ultimately invalidated the '351 Patent as indefinite, holding that the terms "in-band," "out-of-band," and "relationship" were ambiguous and incapable of constructions.

The court concludes that there were identical issues presented for purposes of issue preclusion. Issue preclusion prevents parties from relitigating settled matters. Here, a federal court has invalidated the '351 Patent. Further litigation on the issue of invalidity is therefore unnecessary.

### 2. Final Adjudication on the Merits

In addition to infringement of the '351 Patent, Icon also brought in *Polar* causes of action for infringement of the '800 Patent and the '271 Patent. In May 2013, the parties stipulated to stay consideration of those causes of action pending reexamination. Icon contends that the *Polar* lawsuit has not reached a final adjudication because those causes of action are still stayed, meaning the *Polar* court has not ruled on them.

In July 2015, the *Polar* court entered final judgment pursuant to Federal Rule of Civil Procedure 54(b) on Icon's cause of action for infringement of the '351 patent. Rule 54(b) allows a court to enter final judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[9] The *Polar* court concluded that the cause of action for infringement of the '351 patent is "distinct and separable from the remaining claims in this case" and on that basis entered final judgment on the merits in favor of Polar.[10] In view of this, the court concludes that the cause of action for infringement of the '351 Patent reached a final adjudication that is unaffected by the stayed causes of action relating to other parties.

### 3. Full and Fair Opportunity to Litigate the Issue

Icon asserts that it has not had a full and fair opportunity to litigate the issue because it has not exhausted its appeal of the *Polar* court's invalidity ruling. But Icon cites no Tenth Circuit precedent establishing that a district court's final judgment lacks preclusive effect pending an appeal.[11] And ample case law from other federal courts stands for the opposite conclusion—that the final judgment retains preclusive effect pending an appeal.[12] In the event the Federal Circuit reverses the *Polar* court's judgment regarding the '351 patent, Icon may

---

[9] Fed. R. Civ. P. 54(b).
[10] Case No. 1:11-CV-00167-BSJ (Dkt. 117).
[11] Icon cites *In re Hedged-Investments Associates, Inc.*, 48 F.3d 470, 473 (10th Cir. 1995), in which the Tenth Circuit noted problems that would stem from issue preclusion when the predicate judgment is subsequently vacated. The Tenth Circuit did not directly address the question whether a district court's final judgment has a preclusive effect pending an appeal.
[12] *See, e.g.*, *Pharmacia & Upjohn Co.*, 170 F.3d at 1381; *Warwick Corp. v. Maryland Dep't of Transp.*, 573 F. Supp. 1011, 1014 (D. Md. 1983) (quoting 18 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4433, at 308 (1981)); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1318 (10th Cir. 1997) (applying Kansas law, but acknowledging the "now-majority view" that the pendency of an appeal does not "vitiate the res judicata effect of a judgment"); *SSIH Equipment S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed. Cir. 1983).

certainly seek appropriate relief from this court.[13] Until then, however, the *Polar* court's ruling precludes Icon's cause of action related to the '351 patent.

## II. THE '799 PATENT

### A. Background

The '799 patent relates to exercise equipment that contains technology designed to motivate users to exercise more regularly. Icon asserts that Garmin infringed claims 1 and 2 of the '799 patent.[14] Claim 1 states:

> A data signal having data encoded thereon transmitted over a communication channel, comprising:
>
>> (a) a first data field defining a first operating parameter value for one of one or more operating parameters of an exercise device;
>>
>> (b) a second data field defining a second operating parameter value for another of said one or more operating parameters of the exercise device; and
>>
>> (c) a third data field defining a checksum of said first byte of data and said second byte of data, said checksum configured to be used by the exercise device for error detection of the first operating parameter value and the second operating parameter value.

Claim 2 states:

> A data signal as recited in claim 1, wherein at least one of the first operating parameter value and the second operating parameter value indicates a speed of the exercise device.

Garmin moves under Rule 12(c) for judgment on the pleadings, contending that the data signal covered in claims 1 and 2 is not directed at statutory subject matter under 35 U.S.C. § 101.

---

[13] *See Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1372 (Fed. Cir. 2013).
[14] Garmin's Preliminary Invalidity Contentions state that Icon asserts claims 1 and 2 of the '799 patent. (Dkt. 119, exh. A.) Further, the Markman briefing and the briefing on Garmin's Rule 12(c) Motion focus on claims 1 and 2. (Dkt. 74.) Icon's Amended Complaint does not state which claims it is asserting, and Icon does not specify elsewhere in the proceedings other claims that is asserting besides claims 1 and 2. (Dkt. 23.) In view of this, the court construes Icon's patent infringement cause of action for infringement of claims 1 and 2 of the '799 Patent.

### B.  Rule 12(c)

As stated, a Rule 12(c) motion is evaluated like a Rule 12(b)(6) motion.[15]  Further, a patent "is presumed to be issued properly, absent clear and convincing evidence to the contrary."[16]  Thus, a Rule 12(c) movant must prove ineligibility by clear and convincing evidence within the patent itself.[17]

### C.  Section 101 Eligibility

Section 101 establishes the subject matter that can be patented.[18]  It states, "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."[19]

Garmin relies heavily on *In re Nuijten*[20] to argue that the "data signal" covered in claims 1 and 2 of the '799 patent is ineligible subject matter under Section 101.  In *Nuijten*, the Federal Circuit found that a transitory signal was not directed to statutory subject matter, despite the fact that the signal had a physical form.[21]  The claim at issue in *Nuijten* read, "A *signal* with embedded supplemental data, the signal being encoded in accordance with a given encoding process and selected samples of the signal representing the supplemental data, and at least one of the samples preceding the selected samples is different from the sample corresponding to the given encoding process."[22]  The Federal Circuit acknowledged that the signal had "tangible

---

[15] *See Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000).
[16] *Vehicle Intelligence & Safety LLC v. Mercedes-Benz USA LLC*, No. 13 C 4417, 2014 WL 983123, at *2 (N.D. Ill. Mar. 13, 2014); *see also Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011).
[17] *Vehicle Intelligence & Safety LLC*, 2014 WL 983123, at *2; *Thales Visionix, Inc. v. United States*, 122 Fed. Cl. 245, 250 (2015); *see also Microsoft Corp.*, 131 S.Ct. at 2242.
[18] 35 U.S.C. § 101.
[19] *Id.*
[20] 500 F.3d 1346 (Fed. Cir. 2007).
[21] *Id.* at 1353.
[22] *Id.* at 1351.

causes and effects," but ultimately held that the signal was not directed at statutory subject matter due to its transitory, fleeting nature.[23]

Here, both parties put forth proposed constructions of "data signal." Icon proposes that data signal means "physical carrier of information that is transmitted over a communication channel." Garmin proposes a different meaning: "an electronic pulse or burst that represents data." Icon's construction emphasizes the physical nature of the data signal while Garmin's construction emphasizes its transitory nature. Neither construction moves Icon's asserted claims outside *Nuijten*'s scope. Even if the court adopted Icon's construction, the data signal would still not constitute eligible subject matter because it is transitory and fleeting.[24] An analysis of the Section 101 categories supports this conclusion.

Icon contends that the asserted claims are patent eligible as a manufacture. Manufacture in its verb form means "the production of articles for use from raw or prepared materials by giving to these materials new forms, qualities, properties, or combinations, whether by hand-labor or by machinery."[25] In its noun form, manufacture "refers to 'articles' resulting from the process of manufacture," meaning "tangible articles or commodities."[26] When considering the signal at issue in *Nuijten*, the Federal Circuit acknowledged that the signal was "man-made and physical" and that it "exists in the real world and has tangible causes and effects."[27] Nevertheless, the court found that "energy embodying the claimed signal is fleeting and is devoid of any semblance of permanence during transmission."[28] Moreover, the signal could only be

---

[23] *Id.* at 1353, 1356; *see also Digitech Image Technologies, LLC v. Electronics for Imaging, Inc.*, 758 F.3d 1344, 1350 (Fed. Cir. 2014).
[24] *Cf. Nuijten*, 500 F.3d at 1353, 1356.
[25] *Diamond v. Chakrabarty*, 447 U.S. 303, 308 (1980) (quoting *Am. Fruit Growers, Inc. v. Brogdex Co.*, 283 U.S. 1, 11 (1931)).
[26] *Nuijten*, 500 F.3d at 1356.
[27] *Id.*
[28] *Id.*

perceived by "equipment capable of detecting and interpreting the signal."[29] The court therefore concluded that the transitory nature of the signal precluded it from constituting a manufacture under Section 101.

Similarly, the data signal covered in the asserted claims is physical and has tangible causes and effects but is also transitory in that it does not retain a permanent form. This lack of permanent form leads to the conclusion that the data signal does not constitute a tangible article or commodity and therefore does not constitute a manufacture.

Next, Icon argues that the asserted claims constitute a process under Section 101. A process is a "process, art or method."[30] More precisely, "[a] process is a mode of treatment of certain materials to produce a given result. It is an act, or a series of acts, performed upon the subject-matter to be transformed and reduced to a different state or thing."[31] In *Nuijten*, the Federal Circuit made clear that "[t]he presence of acts recited in the claim does not transform a claim covering a thing—the signal itself—into one covering the process by which that thing was made."[32] Although claims 1 and 2 mention certain acts, they describe the data signal and not the process through which the data signal is created.

At bottom, the court concludes that Icon's asserted claims do not constitute a manufacture or a process, and Icon does not dispute that the asserted claims do not constitute a machine or composition of matter.

Icon nevertheless argues that the data signal covered in the '799 patent is distinguishable from the signal at issue in *Nuijten*. In particular, Icon argues that, unlike the signals in *Nuijten*, the asserted claims entail a specific structure, relationship among the data, and application of the

---

[29] *Id.*
[30] 35 U.S.C. § 100.
[31] *Gottschalk v. Benson*, 409 U.S. 63, 70 (1972) (quoting *Cochrane v. Deener*, 94 U.S. 780, 780 (1876)).
[32] *Nuijten*, 500 F.3d at 1355.

9

structure on a communication channel.  Despite the differences between the signals in *Nuijten* and the signals at issue here, neither constitutes statutory subject matter because they are transitory and fleeting.  And as the analysis above shows, the asserted claims do fall within a statutory category of patentable subject matter.

Icon further contends that *Nuijten* is inconsistent with current Section 101 jurisprudence by pointing to academic criticisms of *Nuijten* and other case law addressing Section 101.  Yet Icon cites to no authority establishing that *Nuijten* has been abrogated or overturned.  Icon also urges that the asserted claims are patent eligible under *In re Lowry*,[33] in which the Federal Circuit reversed the Patent Office's denial of patentable weight to the applicant's computer memory storage system.[34]  But *Lowry* did not meaningfully address Section 101, and it was decided before *Nuijten*.  Put simply, *Nuijten* is more recent and analogous and is controlling in this instance.  Despite academic criticisms and other existing case law, it is not this court's prerogative to depart from what appears to be controlling precedent without clear direction from the Federal Circuit or Supreme Court.

The court concludes that claims 1 and 2 of the '799 patent are not drawn to statutory subject matter.  In view of this, the court also concludes that Garmin has shown by clear and convincing evidence within the '799 patent that it is entitled to judgment on the pleadings.

Finally, the court notes that further construction of the disputed terms is unnecessary.  The parties briefed and argued three other terms contained in claims 1 and 2: communication channel, operating parameter, and exercise device.  As noted, claims 1 and 2 are not drawn to statutory subject matter even if the court accepted Icon's proposed constructions of "data signal."  Construction of the additional terms does not affect this conclusion in that the additional terms

---

[33] 32 F.3d 1579 (Fed. Cir. 1994).
[34] *Id.* at 1582–85.

do not alter the transitory nature of the data signal. And rendering unnecessary constructions would be contrary to the general principle that federal courts cannot issue advisory opinions or answer questions that would not impact the parties' rights or causes of action.[35]

### III. MOTION TO AMEND

Federal Rule of Civil Procedure 15(a) states that, after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[36] A court may deny as futile a motion for leave to amend if the amended complaint would not withstand a motion to dismiss.[37]

In Icon's Amended Complaint, it alleged that Garmin indirectly and willfully infringed the '800 Patent, the '271 Patent, the '799 Patent, and the '351 Patent. Garmin moved to dismiss Icon's causes of action for indirect and willful infringement of the patents. Before the hearing on the motion, Icon stipulated to the dismissal of the causes of action related to the '800 Patent and the '271 Patent. At the hearing, the court granted Garmin's Motion and dismissed without prejudice Icon's causes of action for indirect and willful infringement of the '799 Patent and the '351 Patent. Icon subsequently filed a Motion for Leave to File a Second Amended Complaint. The proposed Second Amended Complaint includes additional allegations to support causes of action for indirect and willful infringement of the '799 Patent and the '351 Patent. However, the court has concluded in this Order that, as a matter of law, Icon cannot bring causes of action for infringement of the '799 Patent or the '351 Patent. The asserted claims of the '799 Patent are not drawn to statutory subject matter and the '351 Patent is precluded in view of the *Polar* court's

---

[35] *Cf. U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011).
[36] Fed. R. Civ. P. 15(a).
[37] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Cobalt Flux, Inc. v. Positive Gaming AS*, No. 2:08-CV-185-TS, 2008 WL 4534182, at *2 (D. Utah Oct. 6, 2008).

ruling.  Therefore, the proposed Second Amended Complaint would be futile because it could not withstand a motion to dismiss.

## CONCLUSION

For the reasons stated on the record at the October 23, 2013 hearing, the court GRANTS Garmin's Motion to Dismiss (Dkt. 29).  For the reasons stated in this Order, the court GRANTS Garmin's Motion for Judgment on the Pleadings (Dkt. 74) and DISMISSES Icon's cause of action for patent infringement of the '799 Patent; DENIES AS MOOT Icon's Motion to Strike (Dkt. 93); DENIES Icon's Motion for Leave to File Second Amended Complaint (Dkt. 105); and GRANTS Garmin's Motion for Judgment on the Pleadings (Dkt. 118) and DISMISSES Icon's cause of action for patent infringement of the '351 Patent.

The court directs the Clerk of Court to close the case.

SO ORDERED this 29th day of September, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge